IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 52 MR WCM

| | | |
|---|---|---|
| MICHAEL G. CAPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| CHUCK HESTER, | ) | |
| THE DEPARTMENT OF INTERIOR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the following motions:

1. Motion to Substitute the United States of America as Defendant (the "Motion to Substitute," Doc. 16);

2. Motion to Dismiss Defendants (the "Defendants' Motion to Dismiss," Doc. 17);

3. Motion to Dismiss or, in the Alternative, for Summary Judgment (the "United States' Motion to Dismiss," Doc. 18); and

4. Motion to Stay Lawsuit as to Individual Defendant Hester (the "Motion to Stay," Doc. 19).

Plaintiff, who is proceeding *pro se*, has filed an "Answer to Motion to Dismiss, Evidence of Claim, and Motion for Summary Judgment" (Doc. 20) and has submitted a DVD recording of the February 17, 2018 encounter that forms

1

the basis for his Complaint. Doc. 22. The United States has filed a Reply in support of the United States' Motion to Dismiss, and Plaintiff has filed a "Reply to the United States and in Support of the United States Constitution," which the undersigned construes as a Surreply. Docs. 21 & 23.

## I. The Parties' Filings

Neither side has complied strictly with the Local Rules.

Defendants' numerous motions are not supported by contemporaneously filed briefs, as required by Local Civil Rule 7.1(c). As the legal basis for the motions is contained in those documents, however, the undersigned has considered them.

As for Plaintiff, to the extent he intends his "Answer to Motion to Dismiss, Evidence of Claim, and Motion for Summary Judgment" (Doc. 20) to be a motion for summary judgment in his favor, such a motion is procedurally improper under Local Civil Rule 7.1(c)(2) which prohibits motions being included in responsive briefs and requires that each motion be set forth as a separately filed pleading. Likewise, Plaintiff did not obtain leave of court to file his Surreply. LCvR 7.1(e). However, in light of Plaintiff's *pro se* status, the undersigned has considered all of Plaintiff's filings.

## II. Factual Background

On February 14, 2020, Plaintiff filed his Complaint, which alleges as follows:

On February 17, 2018, while Plaintiff was "using the National Park in or around the Balsam Gap area," "Department of Interior Supervisor Chuck Hester" approached Plaintiff and asked him for identification. Doc. 1 at 1. Plaintiff asked if he had done anything wrong. Hester responded that he had not, but that Hester wanted to identify Plaintiff for Hester's supervisor. Id. Plaintiff replied by saying that if he had done nothing wrong, Hester's supervisor had "no need to know who [he] was." Id. Hester asked Plaintiff why he was being evasive; Plaintiff asserted he was not being evasive, just exercising his constitutional rights. Id.

Hester then asked Plaintiff if a car that Plaintiff had previously acknowledged as being his (and which was apparently parked with "two wheels on the pavement" on or near the Blue Ridge Parkway) was registered to Plaintiff, and Plaintiff told Hester it was not. Id. Plaintiff asserts that Hester "stated he was seizing my automobile until he found out if I had permission to drive it or not…." Id. Plaintiff alleges that he told Hester he could not do so lawfully and that Hester responded, "I just did." Plaintiff then retrieved two (2) cell phones from his vehicle while Hester placed his law enforcement vehicle near Plaintiff's car and engaged the blue lights. Id.

Hester informed Plaintiff that though his car was being seized until Hester could determine if Plaintiff had permission to drive it, Plaintiff was "free to proceed on foot onto the Blue Ridge Parkway." Doc. 1 at 2. Plaintiff

3

states that he began recording the encounter on his cell phone and while doing so began to "walk towards the Blue Ridge Parkway, to [Hester's] rear" but that Hester stopped Plaintiff and ordered him to move back to the front of his vehicle. Id.

A few minutes later, "three County officers" arrived at the scene; one officer stood near Plaintiff "with his hand on his gun" and others spoke with Hester. Id. After the officers conferred, Hester told Plaintiff that he and his vehicle were free to go. Id.

On February 14, 2020, Plaintiff filed the instant action. Plaintiff alleges that Hester "had no reasonable suspicion of any criminal activity or wrong doing of any kind" to seize Plaintiff or his property and that these seizures violated Plaintiff's "4th, 5th, 9th and 14th Amendment Rights under the Bill of Rights," the "North Carolina Declaration of Rights Right [sic] under Article 1 Section 19 making unlawful seizures a violation," and 18 U.S.C. §§ 1201 and 242. Plaintiff additionally asserts that he is seeking redress pursuant to 42 U.S.C. § 1983. Doc. 1 at 2.

## III. Legal Standards

### A. Rule 12(b)(1)

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject

4

matter jurisdiction should be without prejudice, since in such a context the court is unable to reach the merits of the case. See e.g., Beazer E., Inc. v. U.S. Navy, 111 F.3d 129, 134 (4th Cir. 1997) (unpublished). A plaintiff has the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991)).

### B. Rule 12(b)(6)

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Consumeraffairs.com, 591 F.3d at 255.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.[1]

## IV. Analysis

In the pending motions, Defendants request that the United States be substituted for Hester (Motion to Substitute), that the claims against Hester and the Department of the Interior (the "Department") be dismissed (Defendants' Motion to Dismiss), that the claims against the United States, presumably after the United States has been substituted for Hester, be dismissed pursuant to various sections of Rule 12, or, in the alternative, that summary judgment be entered in favor of the United States pursuant to Rule 56 (United States' Motion to Dismiss),[2] and that the case be stayed as to Hester

---

[1] Because the undersigned recommends dismissal of Plaintiff's claims on other bases, this Memorandum does not analyze the United States' alternative arguments regarding the sufficiency of process and service of process and therefore the legal standards for those defenses are not recited here.

[2] The undersigned is not persuaded that the Motion should be considered under Rule 56. Therefore, this matter has been reviewed in the context of Rule 12. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts may take judicial notice of matters of public record, documents attached to the complaint, and documents attached to the motion to dismiss so long as they are integral to the complaint and authentic); Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995)

until a ruling is made on the substitution of the United States in place of Hester.

## A. Substitution of the United States

Before reviewing the merits of Plaintiff's claims, the undersigned has considered whether the United States should be substituted for Hester. <u>See e.g.</u>, <u>Mar. VI Inv., L.P. v. McKay</u>, No. CIV. 94-D-1570-N, 1996 WL 903289, at *4 (M.D. Ala. July 26, 1996) ("Before reaching the merits of the third-party defendants motion to dismiss, or, in the alternative, for summary judgment, the court will address the issue of whether the United States should be substituted for Mr. Middlebrooks as the proper party-defendant."); <u>Budik v. Ashley</u>, 36 F. Supp. 3d 132, 138–39 (D.D.C. 2014), <u>aff'd sub nom</u>. <u>Budik v. United States</u>, No. 14-5102, 2014 WL 6725743 (D.C.Cir. Nov. 12, 2014) ("Before reaching the merits of the defendant's motion to dismiss, the Court will first address the defendant's motion to substitute the United States as the defendant.").

### 1. Applicable Law

"When a plaintiff brings an action against federal employees, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly

---

(In resolving a motion to dismiss for lack of subject matter jurisdiction, the court may consider materials outside of the complaint without converting the motion into one for summary judgment.).

7

referred to as the Westfall Act, empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or her employment at the time of the incident giving rise to the claim, and the district court shall deem the action as one against the United States, rather than the individual federal employee." <u>McAdoo v. United States</u>, No. 1:14cv239, 2015 WL 4757266, at * 4 (W.D.N.C. July 8, 2015) (citing 28 U.S.C. § 2679(d)(1)), <u>report and recommendation adopted</u>, No. 1:14-CV-00239-MOC, 2015 WL 4757284 (W.D.N.C. Aug. 12, 2015); <u>see also</u> <u>Wilson v. Jones</u>, 902 F.Supp. 673, 677 (E.D. Va. 1995) ("If a claim is brought against an employee in federal court and the Attorney General certifies that the employee was acting within the scope of his employment, then the Act requires that the United States be substituted as the party defendant.").

However, the United States cannot be substituted for alleged violations of federal constitutional rights or for certain alleged federal statutory violations. 28 U.S.C. § 2679(b)(2)(A) & (B) (exclusive remedy against United States does not apply to civil action against employee of the Government "which is brought for a violation of the Constitution" or "which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.").

## 2. Relevant Claims

In this case, Plaintiff has brought claims for alleged violations of the United States Constitution, the North Carolina Constitution, and federal statutory law against Hester and the Department. The United States requests that it be substituted in the place of Hester for all claims.[3]

As noted above, however, § 2679(b)(2)(A) precludes substitution of the United States for Hester with respect to alleged violations of the United States Constitution. McAdoo, 2015 WL 4757266, at * 6 ("Although the Westfall Act generally requires that courts substitute the United States for federal employees accused of committing torts in the course of performing their employment, the statute specifically excludes civil claims against a federal employee for violations of the United States Constitution…."); Ziglar v. Abbasi, 137 S.Ct. 1843, 1856, 198 L.Ed.2d 290 (2017) ("In an analogous context, Congress, it is fair to assume, weighed those concerns in deciding not to substitute the Government as defendant in suits seeking damages for constitutional violations.").

---

[3] Similarly, in the Motion to Stay, Hester asserts that "the United States is the proper defendant in the place of individual Defendant Chuck Hester," Doc. 19 at 1, and asks the Court to stay the litigation as to him until the Court rules on the Motion to Substitute.

9

As for Plaintiff's claims pursuant to the North Carolina Constitution and federal criminal statues, because substitution of those claims is not expressly prohibited by Section 2679(b)(2), the undersigned will consider substitution as being available for those claims.[4]

### 3. Basis for Substitution

In support of the Motion to Substitute, the United States Attorney[5] has submitted a Certification of Scope of Employment (Doc. 16-2, the "Certification") stating that "with respect to the events alleged in the Complaint, which allegations are denied for purposes of assessing liability, Defendant Chuck Hester was acting at all relevant times within the course and scope of his employment as a Supervisory Park Ranger by the United States Department of the Interior."  Doc. 16-2.

Although the Certification is subject to judicial review, see Gutierrez de Martinez v. Lamagno, 51 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995), Plaintiff has not contested the Certification, nor has he opposed the Motion to Substitute.  See Maron v. United States, 126 F.3d 317, 323 (4th Cit. 1997) (a

---

[4] Section 2679(b)(2)(B) prohibits the substitution of the United States in claims that allege the violation of federal statutes when such a claim is authorized against an individual. Because Plaintiff's statutory claim does not appear to fit into this category—it is not a claim that is authorized against an individual—substitution is presumably proper.

[5] Certification authority has been delegated to United States Attorneys.  28 C.F.R. § 15.3.

plaintiff bears the burden of proof of refuting the certification of scope of employment and must prove by a preponderance of the evidence that the defendant was not acting within the course and scope of his employment; "the certification satisfies the government's *prima facie* burden but does not carry any evidentiary weight unless it details and explains the bases for its conclusions."); Wilson v. Jones, 902 F.Supp. 673, 679 (E.D. Va. 1995) ("The scope certification serves as *prima facie* evidence that the defendant was acting within the scope of his employment, so if the certification is not contested by the plaintiff, the district court should substitute the United States as party defendant under 28 U.S.C. § 2679(d)(2)."). The undisputed record therefore indicates that, at the time of the encounter between Hester and Plaintiff, Hester was acting within the course and scope of his employment.

The undersigned therefore will recommend that the Motion to Substitute be granted, and that the United States be substituted in the place of Hester for purposes of Plaintiff's state constitutional claim and Plaintiff's claim based on alleged violation of criminal statutes.

### B. Remaining Claims against Hester

Claims made pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) "allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities," though

11

not for the recovery of monetary damages against the government itself. Reinbold v. Evers, 187 F.3d 348, 355 (4th Cir. 1999) at n. 7 (internal citations omitted). Here, however, the record does not indicate that Plaintiff is attempting to assert a claim against Hester for any actions other than those taken in his capacity as a park ranger. Though the United States' briefing discusses Bivens, Plaintiff has not expressly indicated he is relying on such a theory to recover for his alleged federal constitutional claims. While latitude is extended to the pleadings of *pro se* litigants, Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (noting pro se filings, "however unskillfully pleaded, must be liberally construed"), courts cannot act as *pro se* plaintiffs' advocates or develop claims that plaintiffs fail to raise. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the *pro se* plaintiff). The undersigned therefore concludes that Plaintiff's Complaint should not be read as attempting to assert a claim against Hester under Bivens.

## C. Remaining Claims Against the Department of Interior

The only allegations in Plaintiff's Complaint that are specific to the Department are that Hester was a "Department of Interior Supervisor," Doc. 1 at 1, and that Plaintiff seeks damages stemming from "the cover up by the Department of Interior." Doc. 1 at 3. Plaintiff provides no factual allegations regarding this alleged "cover up," and the undersigned concludes that any

12

claims against the Department based on these conclusory allegations fail to state a claim.

### D. Claims Against the United States

The United States argues that Plaintiff has failed to exhaust his administrative remedies and therefore that Plaintiff's claims against the United States must be dismissed.

#### 1. Exhaustion of Remedies

"The Federal Tort Claims Act (FTCA) provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107, 113 S. Ct. 1980, 1981, 124 L. Ed. 2d 21 (1993) (quoting 28 U.S.C. § 2675(a)). "Moreover, 'the requirement of filing an administrative claim is jurisdictional and may not be waived.'" Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000) (quoting Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986)); see also Parrish v. United States, No. 1:17cv70, 2020 WL 1330350, at * 3 (N.D. W.Va. March 23, 2020) (finding that administrative exhaustion "is a jurisdictional prerequisite because Congress has clearly stated it to be so. Accordingly, Fourth Circuit precedent, read together with [Fort Bend County v. Davis, 139 S. Ct. 1843 (2019)] and McNeil and the language of the FTCA, confirms the

administrative exhaustion requirement to be a necessary predicate to this Court's exercise of jurisdiction.").

Federal regulations describe the process by which an FTCA claim is presented. Specifically, 28 C.F.R. § 14.2 provides, in pertinent part:

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for … personal injury … alleged to have occurred by reason of the incident….

28 C.F.R. § 14.2(a).

"A tort claim is 'presented' when the federal agency 'receives from a claimant…an executed [SF-95] or other written notification of an incident, accompanied by a claim for money damages.' Mailing alone is not enough; there must be evidence of actual receipt." Rhodes v. United States of America, 995 F.2d 1063, 1993 WL 212495, at * 2 (4th Cir. 1993) (unpubl.).

Here, in support of its position that Plaintiff has not exhausted his administrative remedies, the United States submits the Declaration of Rebecca Pock, a paralegal specialist with the "Department of Interior…, in the Office of the Solicitor, Division of General Law, Torts Practice Branch" who processes claims presented to the Department under the FTCA. Doc. 18-1. Ms. Pock states that she conducted a manual search of "the Torts Practice Branch's electronic matter tracking system" and "determined that the matter tracking

14

system contained no record of a claim from Mr. Capps." Doc. 18-1 at 3. Ms. Pock additionally states that she received information from various other branches of the Office of the Solicitor that these locations had not received an administrative tort claim authored or filed by Plaintiff. Id.

In contrast, Plaintiff alleges in his Complaint that "[o]n August 8, 2019, [he] sent a Demand Letter and completed Form 95 to the Department of the Interior…." Doc. 1 at 3. Attached to Plaintiff's Complaint is an unsigned SF95 form entitled "Claim for Damage, Injury, or Death" as well as a letter dated August 8, 2019 signed by Plaintiff and making a monetary demand for damages stemming from the February 17, 2018 encounter with Hester, both of which were purportedly submitted to the Department. Doc. 1 at 4-6. The record also contains a return receipt signature card indicating that something addressed to the Department was received on August 14, 2019; however, the undersigned cannot determine what that "something" actually was. Doc. 11-1 at 2.[6]

As noted, presentment of an administrative claim is a jurisdictional prerequisite to maintaining a tort claims action against the United States. Wilkinson v. United States, 677 F.2d 998, 1000 (4th Cir.), cert. denied, 459 U.S. 906 (1982). And, a plaintiff seeking to bring such an action has the burden of

---

[6] Although the return receipt card bears a tracking number, the August 8, 2019 letter and SF 95 form do not.

establishing subject matter jurisdiction. <u>Schmidt v. United States</u>, 901 F.2d 680, 683 (8th Cir. 1990), <u>vacated on other grounds</u>, 59 U.S.L.W. 3561 (U.S. Feb. 19, 1991). Under these circumstances, Plaintiff has not met this burden. <u>See Rhodes</u>, 995 F.2d 1063, at * 2 ("Rhodes demonstrated merely that he mailed the material to APHIS. He did not, as he was required to do, establish that APHIS received the claim. He thus did not meet the jurisdictional prerequisite of showing presentment. Dismissal for want of subject matter jurisdiction was proper."); <u>Winston-Bey v. United States</u>, No. CCB-15-02020, 2015 WL 8757829, at * 2 (D. Md. Dec. 15, 2015) (granting motion to dismiss for lack of subject matter jurisdiction where, although plaintiff claimed she mailed the SF 95 to the agency at issue, she failed to forecast any evidence that the agency received the form and the United States provided a sworn declaration "attesting that no record exists of a claim filed by [plaintiff].").

The undersigned therefore will recommend that Plaintiff's claim against the United States pursuant to the FTCA be dismissed without prejudice for lack of subject matter jurisdiction.

### 2. Sovereign Immunity

Because it affects this Court's subject matter jurisdiction, the undersigned has also considered whether the United States has waived sovereign immunity for Plaintiff's state constitutional claim and Plaintiff's claim asserting violations of federal criminal statutes.

It is also Plaintiff's burden to show that this Court has subject matter jurisdiction over his claim against the United States based on an "unequivocal waiver of sovereign immunity." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005) (granting motion to dismiss for lack of subject matter jurisdiction where plaintiff did not establish a waiver of the United States' sovereign immunity under the FTCA occurred); see also Medina v. United States, 259 F.3d 220, 223-224 (4th Cir. 2001) ("Because the Government's potential immunity from suit affects our jurisdiction, we first consider whether Congress has waived sovereign immunity in this instance.") (citing Presidential Gardens Assocs. v. United States, 175 F.3d 132, 140 (2d Cir.1999) ("[T]he Government's past failure to raise the defense of sovereign immunity in no way prevents this Court from considering the issue now.")).

When Congress passed the FTCA, 28 U.S.C. §§ 1346(b), 2671-80, it "waived the United States' sovereign immunity under limited circumstances where injury is 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Krembel v. United States, --- Fed. Appx. ---, 2020 WL 7042818, at *3 (4th Cir. 2020) (unpubl.) (citing 28 U.S.C. § 1346(b)(1)); see also Knuckles El-Bey v. United States, No. 1:08cv151, 2008 WL 3500282, at *3 (M.D.N.C. Aug. 11, 2008) (the FTCA provides "a limited remedy against the United States

and waives the sovereign immunity of the United States for specified claims[.]").

Pertinent to Plaintiff's state constitutional claim and his claim based on alleged violations of federal criminal statutes, 28 U.S.C. §2674 provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."

"[T]he Supreme Court of North Carolina has held that, in cases when the plaintiff has no other adequate remedy under state law, a plaintiff may make a direct claim under the state constitution against the state and its agents, notwithstanding sovereign immunity." Dove for Estate of Dove v. Stevens, No. 5:05-CV-33-BO(1), 2006 WL 8438680, at *4 (E.D.N.C. Oct. 23, 2006) citing Corum v. Univ. of North Carolina, 413 S.E.2d 276, 289-91 (N.C. 1992); Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). "These so-called "Corum Claims" analogize to the direct federal claims which the Supreme Court has recognized under specific provisions of the U.S. Constitution." Id. at n. 6, citing Bivens, 403 U.S. 388 (1971).

Here, though, Plaintiff does not reference Corum or otherwise explain how a Corum claim could be brought against a private person. See Boggess v. Roper, No. 3:04cv92-RJC, 2006 WL 2569206, at *6 (W.D.N.C. Sept. 1, 2006) (granting summary judgment dismissing plaintiff's claims for violations of the

North Carolina Constitution against non-state actors).  Further, other courts have "generally held that the FTCA does not waive the United States' sovereign immunity from liability for its employees' violations of state constitutions." Ramirez v. Reddish, No. 2:18cv-176, 2020 WL 1955366, at * 25 (D. Utah April 23, 2020) (collecting cases).

Similarly, Plaintiff has provided no explanation as to how he may assert a direct claim for violation of the federal criminal statutes he cites.  "No citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir.1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.")); see also Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group.") (quoting in part Cort v. Ash, 422 U.S. 66, 80 (1975)).

Therefore, the undersigned will recommend that Plaintiff's state constitutional claim and his claim based on alleged violations of federal criminal statutes be dismissed without prejudice on this basis also.

## V. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that:

1. The Motion to Substitute the United States of America as Defendant (Doc. 16) be **GRANTED**, and the United States of America be **SUBSTITUTED** in the place of Hester for purposes of Plaintiff's state constitutional claim and claim based on alleged violations of federal criminal statutes.

2. The Motion to Dismiss Defendants (Doc. 17) be **GRANTED**, and Plaintiff's claims against the Department of Interior and Chuck Hester be **DISMISSED**.

3. The Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 18) be **GRANTED**, and claims against the United States be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4. The Motion to Stay Lawsuit as to Individual Defendant Hester (Doc. 19) be **DENIED AS MOOT**.

Signed: December 29, 2020

W. Carleton Metcalf
United States Magistrate Judge

20

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See <u>Thomas v. Arn</u>, 474 U.S. 140, 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

21